[Civ. No. 1473. Fourth Appellate District.—November 4, 1935.]

OSCAR L. LUNDY, Appellant, v. JOHN MOSLEY, Respondent.

M. H. Broyles for Appellant.

Rutan & Mize for Respondent.

BARNARD, P. J.—This is an action for damages for alienation of affections based upon an allegation that the defendant enticed the plaintiff's wife "away from the plaintiff's

and her then residence in the state of Missouri, to a separate residence, in the state of California, and has ever since there detained and harbored her''. From a judgment in favor of the defendant the plaintiff has appealed, the only point raised being that the court erred in directing a verdict.

Appellant and his wife were married on October 9, 1929, and lived together in Kansas City until August 24, 1932, except for certain intervals when the appellant was confined in the penitentiary or in jail. On the last-named date Mrs. Lundy left their home and came to California using a railroad ticket which had been sent to her by her married daughter. This daughter and her husband were employed by the respondent in running a service station and lunch counter in Orange County, California, and also lived at the respondent's home. Mrs. Lundy came to this home and has since obtained a divorce from the appellant.

The appellant seems to rely upon the fact that he had discovered that the railroad ticket used by his wife in coming to California was paid for with a check for $40 signed by the respondent. It appears from the uncontradicted evidence that the married daughter referred to had formerly lived in Kansas City where she had observed the appellant's treatment of her mother; that she and her husband had removed to California in June, 1932; that before she left Kansas City her mother planned to leave the appellant, and she promised to send for her as soon as she was able to do so; that she sent her mother a railroad ticket which was paid for by a check which she obtained from her employer; and that at the time Mrs. Lundy left appellant's home she had never seen the respondent and did not even know his name.

Assuming that the appellant's wife had any affection for him which could have been alienated by anyone, which may well be doubted in view of the testimony, there is absolutely no evidence which would have supported a finding that the respondent did anything which tended to or which did alienate any affection which may have existed. So far as here appears the respondent knew nothing about Mrs. Lundy or the appellant, and there is nothing to show that the check he gave his employee was not due to her for wages.

There being no evidence of sufficient substantiality to support a verdict in favor of the appellant, the motion for a directed verdict was properly granted. (*Estate of Flood,*

217 Cal. 763 [21 Pac. (2d) 579] ; *Estate of Lances,* 216 Cal. 397 [14 Pac. (2d) 768] ; *Newson* v. *Hawley,* 205 Cal. 188 [270 Pac. 364].)

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.